IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 20-413-2 |
| | : | |
| WILBERT CURTIS TREY ARTIS, III | : | |

**MEMORANDUM OPINION**

Smith, J.                                                                                                       March 15, 2022

A grand jury returned a two-count indictment charging the defendant with robbery which interferes with interstate commerce and unlawfully transporting stolen goods in interstate commerce. These charges relate to accusations that the defendant (and his co-defendant) conducted an armed robbery of five French bulldogs from a home in Lancaster County and transported those bulldogs to North Carolina.

The defendant has filed a motion raising one issue for pretrial review: he asks the court to sever the charges against him for a separate trial pursuant to Rule 14 of the Federal Rules of Criminal Procedure. He argues a joint trial will allow evidence obtained from his co-defendant's social media accounts to be improperly used against him, creating substantial prejudice. For the reasons discussed below, the court will deny the motion to sever because the interest in the judicial economy of a joint trial outweighs any potential for prejudice to the defendant, and a cautionary jury instruction will ameliorate any such prejudice.

**I.     PROCEDURAL HISTORY**

A grand jury issued an indictment on November 17, 2020, charging the defendant, Wilbert Curtis Trey Artis, III ("Artis"), and his co-defendant, Christopher Lamont Stimpson, Jr. ("Stimpson"), with two offenses. Doc. No. 1. Count One charges both defendants with robbery which interferes with interstate commerce in violation of 18 U.S.C. § 1951(a); Count Two charges

both defendants with unlawfully transporting stolen goods in interstate commerce in violation of 18 U.S.C. § 2314. *See id.*

On January 13, 2022, Artis filed the instant motion to sever the defendants' trials. Doc. No. 59. The government filed a response in opposition thereto on February 16, 2022. Doc. No. 64. On March 2, 2022, the court conducted a telephonic hearing on the motion to sever. The motion is now ripe for disposition.

## II.     DISCUSSION

### A.     Standard for Joinder and Severance of Criminal Cases

Rule 8 of the Federal Rules of Criminal Procedure governs the joinder of criminal defendants, as well as of criminal offenses. Rule 8(b) states that "[t]he indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). Regarding joint trials, "[t]here is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537–38 (1993). Joinder is favored because it promotes judicial economy. *See United States v. Gorecki*, 813 F.2d 40, 42 (3d Cir. 1987); *see also Bruton v. United States*, 391 U.S. 123, 134 (1968) (noting joint trials "conserve state funds, diminish inconvenience to witnesses and public authorities, and avoid delays in bringing those accused of crime to trial")

Despite this preference for joint trials, Rule 14(a) of the Federal Rules of Criminal Procedure allows a district court to "separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires" "[i]f the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government." Fed. R. Crim. P. 14(a). A district court has the "sound discretion" to sever charges in a criminal case. *See Zafiro*, 506 U.S.

at 538–39 ("Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion."); *see also United States v. Reicherter*, 647 F.2d 397, 400 (3d Cir. 1981) ("Motions for severance rest in the sound discretion of the trial judge, whose determination should not be disturbed in the absence of an abuse of discretion." (citing *United States v. Boyd*, 595 F.2d 120, 125 (3d Cir. 1978)).

In considering a motion for severance under Rule 14, the burden is on the defendant to demonstrate "clear and substantial prejudice" resulting in an unfair trial. *United States v. McGlory*, 968 F.2d 309, 340 (3d Cir. 1992) (quoting *United States v. Eufrasio*, 935 F.2d 553, 568 (3d Cir. 1991)). "A district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. The question of prejudice turns on "whether the jury will be able to 'compartmentalize the evidence as it relates to separate defendants.'" *United States v. Davis,* 397 F.3d 173, 182 (3d Cir. 2005) (quoting *United States v. Somers*, 496 F.2d 723, 730 (3d Cir. 1974)). While the risk of possible prejudice could be high given the nature of the case, "less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." *Zafiro*, 506 U.S. at 539 (citing *Richardson v. Marsh*, 481 U.S. 200, 211 (1987)).

### B. Analysis

Artis's motion to sever is based in part on the argument that if he stands trial jointly with Stimpson he will be adversely affected by "highly prejudicial and inflammatory" evidence recovered from Stimpson's social media accounts.[1] Def.'s Mot. to Sever ("Def.'s Mot.") at ECF

---

[1] The government described the evidence obtained from Stimpson's social media accounts in its response to the motion to sever:
> [o]n or about January 22, 2021, Federal Bureau of Investigation agents executed court-approved search warrants on a total of seven Facebook and Instagram social media accounts connected to

3

p. 2, Doc. No. 59. Artis claims the discovery produced to date demonstrates he, unlike Stimpson, was "merely present" during the alleged robbery on October 29, 2020. *Id.* at ECF p. 1. More specifically, Artis asserts that the discovery shows that he was seated in a motor vehicle outside of the residence when any robbery purportedly occurred and never went inside the residence; therefore, he was not involved in the robbery itself. *See id.* at ECF pp. 1, 2.

Although Artis claims that he was "merely present," the indictment charges Artis with acts showing he played a significant role in the incident. The indictment charges that Stimpson and Artis together robbed a family at gunpoint and aided and abetted each other in doing so. Specifically, the indictment alleges Artis (1) "unlawfully took and obtained, and aided and abetted the unlawful taking and obtaining of, five French Bulldogs, valued at approximately $23,500, from the person and in the presence of B.S. . . . against his will, by means of actual and threatened force, violence, and fear of injury" and (2) "unlawfully transported in interstate commerce . . . French Bulldogs, valued at approximately $23,500, and aided and abetted the transportation . . . knowing the [French Bulldogs] to have been stolen, converted, and taken by theft." Indictment at 1–3, Doc.

---

codefendant Stimpson. Upon reviewing material provided to them in response to the search warrants the agents discovered on Instagram accounts identified as "EliteBodyyFrenchies" and "YoungBossStimp" photographs, videos, and text messages that were of interest to them. These items included (a) photographs and videos of the stolen puppies; (b) photographs and videos depicting black handguns, including video of codefendant Stimpson in a room in close proximity to two black handguns and a large number of stacks of cash; (c) a text message/instant message exchange between the YoungBossStimp account and a party identified as "millionaremoe," during which "millionaremoe" inquires about getting a firearm and codefendant Stimpson responds that because "millionaremoe" is not on probation (as Stimpson presently is) "millionaremoe" should "get you 4 permits and get us all f&ns" (referring to firearms manufactured by FN America, LLC, and/or FN Herstal, S.A.); (d) photographs and videos of defendant Stimpson and other individuals in possession of large amounts of cash; and (e) photographs and videos that show the close association between Stimpson and Artis.

Gov't's Resp. in Opp'n to Def. Wilbert Curtis Trey Artis III's Mot. to Sever ("Gov't's Resp.") at 8, Doc. No. 64.

In the motion to sever, Artis asserts that the photographs showing Stimpson with cash and firearms are highly prejudicial. *See* Def.'s Mot. at 2. He also notes that the government has not produced any similar photographs depicting him with guns or firearms. *See id.* Although he included these arguments in the motion, Artis's counsel acknowledged during the hearing that the government had produced supplemental discovery showing Artis in the presence of a large quantity of cash.

No. 1. These acts, if true, sufficiently demonstrate Artis played a key role in the robbery of the French Bulldogs.[2]

As such, the court finds that the public interest in the judicial economy of a joint trial outweighs any potential for prejudice to Artis being improperly associated with the evidence obtained from Stimpson's social media accounts. Even if the court were to hold that Stimpson's social media posts are inadmissible against Artis, a limiting jury instruction would ameliorate any prejudice caused by the jury seeing them as part of the case against Stimpson. Again, the court reiterates that the question of prejudice turns on "whether the jury will be able to 'compartmentalize the evidence as it relates to separate defendants in view of its volume and limited admissibility.'" *Davis*, 397 F.3d at 182 (quoting *Somers*, 496 F.2d at 730). There is no reason why a jury could not compartmentalize the posts if the government seeks to admit them at trial.

### III.    CONCLUSION

As explained above, Artis has failed to demonstrate that a joint trial would result in substantial prejudice. The interest in the judicial economy of a joint trial outweighs any potential for prejudice to Artis, and a cautionary jury instruction would ameliorate any such prejudice. Accordingly, the court denies Artis's motion for severance.

The court will enter a separate order.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

[2] In addition, while not part of the evidentiary record for the court to consider while resolving the instant motion, the government articulated what it believes that the evidence shows regarding Artis's participation in the theft of the five French bulldogs. *See* Gov't's Resp. at 2–8. Presuming that the government has accurately described this evidence, it shows that Artis was more than "merely present" regarding the robbery.